IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02712-BNB

PAUL MUTEBI,

    Applicant,

v.

ERIC HOLDER, U.S. Attorney General, et al.,

    Respondent.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 3 0 2010

GREGORY C. LANGHAM
                       CLERK

ORDER DISMISSING CASE

Applicant, Paul Mutebi, who currently is detained at the private United States Immigration Customs and Enforcement (ICE) facility in Aurora, Colorado, initiated this action by filing various pleadings challenging his deportation. Upon review of the pleadings, Magistrate Judge Boyd N. Boland entered an order directing Mr. Mutebi to file his claims on a Court-approved form used in filing 28 U.S.C. § 2241 actions and to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action or in the alternative pay the $5.00 filing fee.

On December 14, 2010, Mr. Mutebi filed a pleading titled "Motion Requesting this Hon. Court to Close Civil Action No. 10-cv-02712-BNB with Prejudice and in Abeyance of the IJ's Decision in Regard to Bond Request and Asylum Hearing," in which he requests that the instant action be dismissed with prejudice and in abeyance pending the immigration judge's decision regarding his bond request and his political asylum case. The Court must construe the Motion liberally because Mr. Mutebi is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).

Rule 41(a)(1)(A) provides that "the [applicant] may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." No answer has been filed by Respondent in this action. Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).

The Court, therefore, construes the Motion as a Notice of Dismissal filed pursuant to Rule 41(a)(1)(A)(i). The file will be closed as of December 14, 2010, the date the Notice was filed with the Court. *See Hyde Constr. Co.*, 388 F.2d at 507. The action, however, will not be held in abeyance pending any decision by the immigration judge, nor will the Court dismiss the action with prejudice if Mr. Mutebi believes he may be detained in the future and it may be necessary to refile a § 2241 action. Accordingly, it is

ORDERED that the Motion (Doc. No. 9) is construed as a Notice of Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and is effective as of December 14, 2010, the date Mr. Mutebi filed the Notice in this action. It is

FURTHER ORDERED that all other pending motions are denied as moot.

DATED at Denver, Colorado, this 29th day of December, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02717

Wissam Hammoud
Reg No. 39876-018
Medical Center for Federal Prisoners
P.O. Box 4000
Springfield, MO 65801

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on December 30, 2010.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk